# EXHIBIT 1

| | | |
|---|---|---|
| KENNETH JACKSON | * | IN THE |
| 3509 Liberty Heights Avenue | * | CIRCUIT COURT |
| Baltimore, MD 21215 | * | FOR |
|     Plaintiff | * | BALTIMORE CITY |
| VS | * | CASE NO.: |
| WALGREEN CO. | * | |
| 300 Wilmot Road | * | |
| Deerfield, IL 60015 | * | |
| Serve on : | * | |
| CSC Lawyers, Inc. | * | |
| 7 St. Paul Street | * | |
| Suite 820 | * | |
| Baltimore, MD 21202 | * | |
| And | * | |
| OFFICER JOHN DOE | * | |
| 3801 Liberty Heights Avenue | * | |
| Baltimore, MD 21215 | * | |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Now comes the Defendant and sues the Plaintiffs and states the following:

### PARTIES

1. Plaintiff Kenneth Jackson is an African American male. At all times relevant to the claims herein, he was a resident of Baltimore City and an invitee to the Walgreens store located at 3801 Liberty Heights Avenue in Baltimore City. Plaintiff was also a business owner with a business located close to where the claims relevant to this action occurred.

2. Defendant Walgreen Co., upon information and belief, is a pharmaceutical retail store located in western Baltimore City doing business as Walgreens #5623. Walgreen Co is a store that is open to the public and provides consumer goods and pharmaceuticals to the public at a price and for profit.

3. Defendant Office John Doe is a security officer who, at some times relevant to some claims, worked as security personnel for Walgreen Co. At other times, Defendant security officer Doe was acting in his individual capacity.

## FACTS

4. On or about December 15, 2019, Plaintiff traveled to the Walgreens store located at 3801 Liberty Heights Avenue in Baltimore City.

5. Plaintiff traveled to the Walgreens to purchase an adapter.

6. Upon arrival at the store, Plaintiff searched for the adapter but determined that the store did not have his particular adapter in stock.

7. As Plaintiff went to vacate the premises, he was stopped by Defendant Officer John Doe.

8. Defendant Officer John Doe was working security for Defendant Walgreen Co.

9. Defendant Officer John Doe grabbed Plaintiff by his shoulder and stopped him.

10. Plaintiff asked Defendant Doe what he was doing.

11. Defendant Doe responded by saying "Don't try it homeboy"

12. Plaintiff was confused and not sure what was occurring. Plaintiff continued to ask Defendant Doe what he was doing

13. Defendant Officer Doe then began pulling up the Plaintiff's shirt, looking under the Plaintiff's shirt while continuing to hold the Plaintiff in place.

14. Several patrons walked by taking notice of the Plaintiff being held and searched.

15. Plaintiff continued telling Defendant Doe that he had done nothing and that he had not taken anything from the store.

16. The incident was extremely humiliating

17. Defendant Officer Doe eventually saw a fanny pack on one side of the Plaintiff's waste area and, after completing the search, apologized to the Plaintiff noting that he didn't see anything else and told the Plaintiff that he (Plaintiff) was allowed to leave.

18. Plaintiff returned to the front counter in the store and spoke with a manager. Plaintiff explained that he had not stolen anything and that he had just been stopped and humiliated by the security officer. Plaintiff told the manger that he was a business owner and that his barbershop was located down the street and the address. He tried explaining how humiliating it was to be a resident of the community and contributor to the community and be treated in such a fashion when he had come to the store as a patron.

19. The manager offered the Plaintiff one thousand Walgreen points (apparently referring to a system held by Walgreen wherein, after a person earns a certain number of Walgreen points, those points could be redeemed and used towards the purchase of other items). Plaintiff is unsure as to how the system works of how many points would be necessary prior to redemption availability. Security officer Doe was present, but made no further comment and the manager made no comment to Defendant Officer Doe about his actions.

20. Plaintiff considered this to be just as degrading.

21. Plaintiff left the store and went about the rest of his day, continuing to think about what had happened to him and having a number of emotional outbursts as a result.

22. The next day, December 16, when Plaintiff went to his place of business, Defendant Doe appeared at the place of business.

23. While Plaintiff was tending to his clients, Defendant Doe approached Plaintiff and told Plaintiff that he came by because he had seen Plaintiff pick up something and really did think the Plaintiff had stolen something but since he did not find anything on the Plaintiff, that he (Defendant Doe) wanted Plaintiff to just forget everything and let the incident to be over.

24. Plaintiff reiterated that he had not stolen anything and asked Defendant Doe why he would come to his place of business and further embarrass him

25. Defendant Doe advised the Plaintiff that he didn't need Plaintiff to cause any further issues with his job.

26. Plaintiff was unsure as to whether this was meant as a threat or whether Defendant Doe was asking him not to make any further reports about the incident.

27. Plaintiff did feel that Defendant Doe's statements inferred that Defendant Doe had actually witnessed the Plaintiff take actions indicative of theft.

28. Plaintiff asked Defendant Doe to leave his place of business.

29. Plaintiff was asked by a guest what was happening and the purpose of Defendant Doe's visit.

30. Plaintiff simply shrugged it off and said it was nothing, so as to avoid any further conversation and embarrassment concerning the incident.

31. Later in the day, Plaintiff became even more emotional about the incident and about the manner in which Defendant Doe had approached him in his place of business.

32. Plaintiff has continued to recall both days and becomes emotional when he has to relive the incident.

## COUNT I
## (FALSE IMPRISONMENT)

33. Plaintiff(s) incorporate by reference allegations contained in paragraphs 1-32 into this count as if fully set forth herein.

34. Defendant unlawfully and without legal justification, deprived Plaintiff(s) of his liberty against his will by use of threats and force when she detained and incarcerated him.

35. As a direct and proximate result of the false imprisonment, Plaintiff(s) has suffered permanent injury, humiliation, mental anguish and loss of self-esteem.

WHEREFORE, each Plaintiff demands as follows WHEREFORE, each Plaintiff demands as follows:

A.  Judgment against Defendant(s) for compensatory damages in excess of seventy-five thousand dollars.

B.  Judgment against all Defendant(s) for reasonable attorneys' fees, costs and such further relief as this Court deems proper.

C.  Judgment against all Defendant(s) for punitive damages in excess of seventy-five thousand dollars.

## COUNT II
## (BATTERY)

36. Plaintiff(s) incorporate the allegations contained in paragraphs 1-35 as if fully set forth herein.

37. Defendant(s) caused offensive contact to the Plaintiff(s).

38. The Plaintiff(s) never consented to the contact and the Defendant(s) had no legal justification for the touching.

39. As a direct and proximate result of Defendant(s)' battery of Plaintiff(s), Plaintiff(s) have

suffered, and will continue to suffer legal fees, emotional distress, embarrassment, humiliation and loss of self-esteem.

WHEREFORE, each Plaintiff demands as follows WHEREFORE, each Plaintiff demands as follows:

A.   Judgment against Defendant(s) for compensatory damages in excess of seventy-five thousand dollars.

B.   Judgment against all Defendant(s) for reasonable attorneys' fees, costs and such further relief as this Court deems proper.

C.   Judgment against all Defendant(s) for punitive damages in excess of seventy-five thousand dollars.

## COUNT III
## (FALSE LIGHT)

40. Plaintiff(s) incorporate the allegations contained in paragraphs 1-39 as if fully set forth herein.

41. On December 16, 2019, Defendant Doe came to the Plaintiff's place of business

42. In front of clients, Defendant Doe advised the Plaintiff that he had seen Plaintiff pick something up in the store and that eh really believed Plaintiff had stolen something.

43. These statements were made in front of other clients and patrons of the Plaintiff's business

44. Defendant Doe knew these statements to be false. He never saw the Plaintiff pick up anything from the store and further insinuated that the only reason it was not reported as an actual theft was not caught with any items on him.

45. Plaintiff was questioned about it by a client after Defendant Doe left the business.

46. The statements made were highly offensive considering the where they were made and the circumstances under which they were made.

47. The statements were made with knowledge of their falsity or with reckless disregard of it.

WHEREFORE, each Plaintiff demands as follows WHEREFORE, each Plaintiff demands as follows:

A.  Judgment against Defendant(s) for compensatory damages in excess of seventy-five thousand dollars.

B.  Judgment against all Defendant(s) for reasonable attorneys' fees, costs and such further relief as this Court deems proper.

C.  Judgment against all Defendant(s) for punitive damages in excess of seventy-five thousand dollars.

### DEMAND FOR JURY

Plaintiff demands a jury as to all triable issues.

James L. Rhodes
CPF ID: 9706250382
6600 Belair Road, Ste 2A
Baltimore, MD 21202
Jamesrhodesesq@gmail.com
(410) 254-2404

Attorney for Plaintiff

```
              CIRCUIT COURT FOR BALTIMORE CITY
                      Marilyn Bentley
                 Clerk of the Circuit Court
                       Courthouse East
                   111 North Calvert Street
                          Room 462
                      Baltimore, MD 21202-
            (410)-333-3722, TTY for Deaf: (410)-333-4389
```

WRIT OF SUMMONS (Private Process)
Case Number: 24-C-22-000016 OT
CIVIL

Kenneth Jackson vs Walgreen Co., et al

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

```
       To: WALGREEN CO.
Serve On: CSC Lawyers Inc.
          7 St. Paul St.
          Suite 820
          Baltimore, MD 21202
```

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached Complaint filed by: Kenneth Jackson
3509 Liberty Heights Ave.
Baltimore, MD 21215

WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of Maryland

Date Issued: 06/08/22

Marilyn Bentley
Clerk of the Circuit Court

To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.